UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ADAMS, | CASE NO. C20-5483 BHS |
| Plaintiff, | ORDER |
| v. | |
| CRESTRON ELECTRONICS INC, | |
| Defendant. | |

This matter comes before the Court on Defendant Crestron Electronic Inc.'s Motion to Strike Plaintiff Michael Adams' Deposition Errata Sheet, Dkt. 25, and Crestron's Motion for Leave to File Counterclaims, Dkt. 30. The Court has considered the motion and the briefings filed in support of and in opposition to the motion and the remainder of the file. Its rulings follow.

**I.  BACKGROUND**

Plaintiff Michael "Moose" Adams filed his complaint on April 30, 2020 in Pierce County Superior Court. Dkt. 1-4. Crestron removed the action to this Court on May 26, 2020. Dkt. 1. In his complaint, Adams alleges that Crestron discriminated against him based on his disability under the Washington Law Against Discrimination and that he

suffered wrongful termination, loss of earnings, and unlawful retaliation as a result of that discrimination. Dkt. 1-4, ¶¶ 1.2–1.6.

On March 30, 2021, Defense counsel, Clarence Belnavis, took Adams's deposition, and on May 26, 2021, Adams submitted a deposition errata sheet in which he listed eleven changes to his testimony. Dkt. 25 at 2–3. On June 17, 2021, Crestron moved to exclude Adams's deposition errata sheet, arguing that six of Adams's eleven changes were substantive and thereby violated Federal Rule of Civil Procedure 30(e). *Id.* at 3–5. Adams objected to Crestron's motion to strike, arguing that his changes were appropriate under Rule 30. Dkt. 32.

Crestron also seeks leave to file Counterclaims, arguing that Adams's deposition answers raised new claims of which Crestron was not previously aware. Dkt. 30. Adams filed a response objecting to Crestron's motion and arguing that granting leave would cause undue delay and undue prejudice and would be futile. Dkt. 36.

## II.  DISCUSSION

**A.     Motion to Strike Plaintiff Michael Adams' Deposition Errata Sheet**

Crestron argues that the six challenged entries on Adams's errata sheet amount to "new substantive assertions" and are therefore improper under Federal Rule of Civil Procedure 30(e). Dkt. 25 at 4. Crestron advocates for the Court to strike Plaintiff's entire errata sheet based on the alleged violation of FRCP 30. Adams argues in response that his corrections in the errata sheet were minimal and complied with Rule 30. Dkt. 32 at 2. Adams further argues that striking the entire errata sheet would be inappropriate given that Crestron is only challenging six of the eleven changes. *Id.*

1    Under Federal Rule of Civil Procedure 30(e)(1), a deponent may, upon request, review the transcript of his deposition and submit a signed statement listing "changes in form or substance . . . and the reasons for making them." This rule allows for "corrective, and not contradictory, changes." *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005). FRCP 30(e) does not allow a deponent to change what he said under oath or to "answer the questions with no thought at all then return home and plan artful responses . . . . A deposition is not a take home examination." *Id.* at 1225 (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)). Rule 30(e)(1) also requires the deponent to submit the reasons for making any changes to his testimony. Such explanations help the court determine whether a particular change is corrective or contradictory in nature. *See id.* at 1224–25.

Adams's errata sheet consisted of both corrective and contradictory alterations. Moreover, while some of Adams's modifications included satisfactory explanations, others did not. For example, Adams's first entry on his errata sheet indicates that the word "Bithin" should be changed to "Bethune" and he indicated that the change was to "Correct Spelling." Dkt. 26-2 at 3. Such a change is a proper correction and does not require further explanation.

In contrast, the six entries challenged by Crestron lack sufficient explanation and are contradictions rather than corrections. Adams's entry at 230:20 is the most egregious. In his deposition, Adams stated that he believed he transferred Enterprise contacts to Avidex when he "opened the hard drive and emailed it to [himself]" on his Avidex email or that he took "it to the computer on a thumb drive or pulled it straight to the thumb

drive and then put the thumb drive in [his] server and downloaded it there." Dkt. 26-3 at 9–10. On his errata sheet, Adams indicated that he downloaded the contacts off his personal phone. Dkt. 26-2 at 3. As Crestron points out, this is more of a contradiction than a clarification. Dkt. 25 at 4. Moreover, Adams did not provide a sufficient explanation on his errata sheet for why the Court should allow such a clarification, stating simply, "Refreshed Recollection/Incorrect Answer." *Id.* at 3.

Entries 84:25, 232:20, and 304:16 are blatant contradictions of Adams's previous testimony. Entries 210:20, 229:1, and 341:7 are attempts by Adams to explain away his deposition answers. All six of these substantive changes are stricken. Just as Plaintiff's counsel argues that Crestron can cross-examine Adams on these changes at trial, Dkt. 32 at 2, Adams may likewise raise these contradictions and explanations on direct. Crestron did not challenge entries 51:6, 99:17, 204:17, 278:21, and 297:21. These changes consist of spelling errors and other minor corrections that do not alter the substance of Adams's answers. The Court finds no issue with those entries and thus will not strike the errata sheet as a whole.

Therefore, Defendant's Motion to Strike Plaintiff's Deposition Errata Sheet, Dkt. 25, is GRANTED in part and DENIED in part.

**B.     Defendant's Motion for Leave to File Counterclaims**

Under Federal Rule of Civil Procedure 13(e), the Court may "permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." In deciding whether to grant leave to a party to file a counterclaim, courts should read FRCP 13(e) in conjunction with FRCP 15. *See*

Fed. R. Civ. P. 13 advisory committee's note to 2009 amendment ("An amendment to add a counterclaim will be governed by Rule 15."). Courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy under FRCP 15(a)(2) is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Supreme Court has set forth factors that a district court should consider when deciding whether to grant leave to amend: undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (endorsing and applying the *Foman* factors). Whether granting leave will prejudice the opposing party is the most important factor. *Eminence Cap.*, 316 F.3d at 1052.

Adams focuses his response on three of these factors: undue delay, undue prejudice, and futility. Dkt. 36 at 4. First, Adams argues that this motion is untimely because Crestron was made aware of the potential claims during Adams's deposition—three months before filing the motion to strike. *Id.* at 4–5. In response, Crestron argues that its motion was timely because it filed the motion two months after receiving the deposition transcript and only three weeks after Adams submitted his errata sheet. Dkt. 38 at 4, 6. Crestron also argues that even if there was undue delay, such a claim is insufficient to deny a motion for leave to amend and that Adams was aware of the potential counterclaims at the time he filed his complaint. *Id.* at 4–5. The Court agrees with Crestron that their filing a motion for leave to file counterclaims three months after

becoming aware of the claims, and while waiting for the deposition transcript and errata sheet, cannot be considered undue delay.

Second, Adams argues that granting this motion would be unduly prejudicial. Dkt. 36 at 4–5. In conjunction with his argument that the motion was untimely, Adams argues here that permitting Creston to file counterclaims now would prejudice him because he would not have time to properly perform discovery and potentially file additional claims of his own. *Id.* at 5. This argument was made prior to the Court's July 13, 2021 Order which pushed the trial date to March 22, 2022 and extended discovery to November 22, 2021. Dkt. 41. This extension should provide Adams sufficient time to conduct discovery on Crestron's counterclaims and to file any additional claims of his own. Therefore, granting Crestron's motion for leave would not unduly prejudice Adams.

Finally, Adams argues that Crestron's motion for leave is futile because one of the proposed counterclaims is unsupported. Dkt. 36 at 5–6. Specifically, Adams argues that Crestron's breach of confidence claim should be excluded because it is derivative of its breach of contract claim and because Crestron and Adams do not have a "special relationship." *Id.* Because Adams does not challenge the futility of any of Crestron's other counterclaims and there is nothing to suggest that allowing Crestron to file the other counterclaims would be futile, Crestron's Motion for Leave to File Counterclaims, Dkt. 30, is GRANTED. The merits of Crestron's breach of confidence claim can be addressed in due course.

|  |  |
|---|---|
| 1 | **III.  ORDER** |
| 2 | Therefore, it is hereby **ORDERED** that Defendant Crestron Electronic Inc.'s |
| 3 | Motion to Strike Plaintiff's Deposition Errata Sheet, Dkt. 25, is **GRANTED in part** and |
| 4 | **DENIED in part**. It is further **ORDERED** that Defendant Crestron Electronic Inc.'s |
| 5 | Motion for Leave to File Counterclaims is **GRANTED**. |
| 6 | Dated this 3rd day of September, 2021. |

*[signature]*

BENJAMIN H. SETTLE
United States District Judge