1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ADAMS,

                    Plaintiff,

        v.

CRESTRON ELECTRONICS, INC.,

                    Defendant.

CASE NO. C20-5483 BHS

ORDER

13    This matter comes before the Court on Plaintiff Michael Adams's motions to

14  compel, Dkts. 45, 51, motion for relief pursuant to Federal Rule of Civil Procedure 56(d),

15  Dkt. 67, motion for sanctions, Dkt. 100, and motions to seal, Dkts. 73, 98, and Defendant

16  Crestron Electronics, Inc.'s motion for summary judgment, Dkt. 42, and motion to seal,

17  Dkt. 105.[1] Each motion is addressed in turn.

18                              **I.   BACKGROUND**

19    Plaintiff Michael Adams filed this suit in April 2020 in Pierce County Superior

20  Court, and Defendant Creston removed it here. Dkts. 1, 1-4. Adams alleges that Crestron

21

22        [1] Crestron's motion for leave to file overlength brief, Dkt. 97, is GRANTED.

ORDER - 1

1    discriminated against him based on his disability, retaliated against him for intending to

2    use medical leave, and wrongfully terminated him, all in violation of Washington law.

3    Dkt. 1-4, ¶¶ 1.2–1.6.

4         The parties have engaged in lengthy discovery and have filed numerous motions

5    over the past five months. On October 8, 2021, the Court held a hearing to discuss the

6    parties' discovery-related filings and to encourage the parties to meet and confer

7    regarding further discovery issues. Dkt. 108. The parties continue to file frequent and

8    lengthy briefs despite local rules requiring the parties to meet and confer and to act in

9    good faith. *See* W.D. Wash. LCR 5(g)(1) (motions to seal); W.D. Wash. LCR 26(f)

10   (discovery); W.D. Wash. LCR 37(a) (motions to compel). The Court again instructs the

11   parties to make a good faith effort to resolve discovery-related issues without Court

12   intervention. The Court disposes of the parties' nine pending motions consistent with that

13   instruction.

14                        **II.   DISCUSSION**

15   **A.    Motions to Compel**

16        Adams moves to compel discovery, seeking further responses from Crestron to his

17   requests for production and interrogatories. Dkts. 45, 51. The Court held an evidentiary

18   hearing on October 8, 2021 where it ordered both parties to confer regarding discovery

19   and requested Adams to narrow the scope of his motions. Dkt. 108. As explained in that

20   hearing, Adams's motions to compel are DENIED without prejudice. Adams also moves

21   for sanctions. Dkt. 100. This motion is DENIED without prejudice for the same reasons.

22

ORDER - 2

1    The parties are instructed to further confer regarding discovery matters, including the

2    items addressed in Adams's motions to compel and motion for sanctions.

3    **B.      Motion for Summary Judgment & Motion for Continuance Under Rule 56(d)**

4          Crestron moves for summary judgment, arguing that there is no issue of material

5    fact that its termination of Adams was not pretextual but instead a result of his poor job

6    performance and his approval of unauthorized expenses. Dkt. 42. In response, Adams

7    argues that his termination was pretextual and he moves the Court to either deny

8    Crestron's motion, Dkt. 69, or to defer consideration under Federal Rule of Civil

9    Procedure 56(d), Dkt. 67.

10         Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for

11   specified reasons, it cannot present facts essential to justify its oppositions, the court may

12   (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

13   declarations or to take discovery; or (3) issue any other appropriate order." Pursuant to

14   arguments presented by the parties at the hearing held on October 8, the Court agrees that

15   a continuance is warranted to allow the parties to complete further discovery.

16         Therefore, Adams's motion for relief under Rule 56(d), Dkt. 67, is GRANTED.

17   Crestron's motion for summary judgment, Dkt. 42, is DENIED without prejudice. After

18   the close of discovery, Crestron may either re-file its motion to allow Adams sufficient

19   time to respond or file a new motion.

20   **C.      Motions to Seal**

21         Adams moves to seal certain documents that Crestron has designated

22   "confidential." Dkts. 73, 98. Under Western District of Washington Local Rule 5(g),

1  "there is a strong presumption of public access to the court's files." A party seeking to

2  file his adversary's confidential documents in court may file a motion to seal those

3  documents, but it is the responsibility of the party which designated the document

4  confidential to demonstrate "(i) the legitimate private or public interests that warrant the

5  relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why

6  a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. LCR

7  5(g)(3)(B). If the designating party does not make such a showing, the documents shall

8  not be filed under seal.

9        Adams moves to file Crestron's own documents under seal. Thus, Crestron bears

10  the burden to demonstrate sealing the documents is warranted. Crestron did not respond

11  to either motion. Crestron has not met its burden, and Adams motions to seal, Dkts. 73,

12  98, are therefore DENIED.

13        Crestron moves to seal some of the documents it filed in support of its motion for

14  summary judgment, specifically Exhibits C, Dkt. 43-1 at 78–79, G, *id.* at 157–59, H, *id.*

15  at 160–62, I, *id.* at 163–65, J, *id.* at 166–67, L, *id.* at 173–75, M, *id.* at 176–77, N, *id.* at

16  178–88, P, *id.* 195–96, and Q, *id.* at 197–242, to the Declaration of Scott Prange, and

17  Exhibit A to the Declaration of Hector Reyes, *id.* at 192–94. Dkt. 105. There is a

18  presumption of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435

19  U.S. 589, 597 (1978). The party seeking to seal a document bears the burden of rebutting

20  that presumption by articulating "compelling reasons supported by specific factual

21  findings." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

22  "[C]ompelling reasons may exist if sealing is required to prevent judicial documents from

1   being used as sources of business information that might harm a litigant's competitive

2   standing." *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823-JLR, 2012 WL 5476846, at

3   *1 (W.D. Wash. Nov. 12, 2012) (quoting *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569

4   (9th Cir. 2008)).

5        Adams already filed in open court two of the exhibits Crestron seeks to seal. *See*

6   Dkts. 70-21, 70-28. The Court denied Adams's motion to seal those documents and they

7   will remain filed in open court. Thus, granting Crestron's motion to seal as to those two

8   motions would be futile. Therefore, Crestron's motion to seal as to Exhibits N and Q to

9   the Prange Declaration, Dkt. 43-1 at 178–88, 197–242, is DENIED.

10        Six of the exhibits Crestron seeks to seal do not meet the high standard required

11   for limiting access to judicial records. Exhibits C, *id.* at 78–79, I, *id.* at 163–65, J, *id.* at

12   166–67, L, *id.* at 173–75, and M, *id.* at 176–77, to the Prange Declaration, and Exhibit A

13   to the Reyes Declaration, *id.* at 192–94, are not the type of documents that would harm

14   Crestron's competitive standing if filed in open court. Therefore, Crestron's motion to

15   seal as to Exhibits C, I, J, L, and M to the Prange Declaration and Exhibit A to the Reyes

16   Declaration, is DENIED.

17        The final two exhibits at issue, Exhibit G, *id.* at 157–59, and Exhibit H, *id.* at 160–

18   62, may contain the type of information that would harm Crestron competitively if filed

19   in open court. Crestron's exhibits were all filed in a single document. Because of the

20   strong presumption of public access to judicial records, the Court will not seal the entire

21   document. Crestron may re-file its exhibits separately such that the two confidential

22   exhibits can be sealed while the others remain unsealed. Upon such a filing, the Clerk

1    will seal the exhibits attached to the Prange Declaration, Dkt. 43-1, and the newly filed

2    Exhibits G and H. The remaining exhibits shall be filed in open court. Therefore,

3    Crestron's motion to seal as to Exhibits G and H is GRANTED.

### III.  ORDER

5    Therefore, it is hereby **ORDERED** that Adams's two motions to compel, Dkts.

6    45, 51, and his motion for sanctions, Dkt. 100, are **DENIED without prejudice**, and his

7    motion for relief pursuant to Rule 56(d), Dkt. 67, is **GRANTED**. It is further

8    **ORDERED** that Crestron's motion for leave to file overlength brief, Dkt. 97, is

9    **GRANTED**, and its motion for summary judgment, Dkt. 42, is **DENIED without**

10   **prejudice**. It is further **ORDERED** that Adams's motions to seal, Dkts. 73, 98 are

11   **DENIED without prejudice** and that Crestron's motion to seal, Dkt. 105, is **GRANTED**

12   **in part** and **DENIED in part**.

13   Dated this 27th day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge